# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BILLY PARADISE**                                                                                          **PETITIONER**

**V.**                                   **CASE NO. 4:20-CV-449-BRW-BD**

**ARKANSAS, STATE OF,** *et al.*                                                          **RESPONDENTS**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to Judge Billy Roy Wilson. Mr. Paradise may file written objections with the Clerk of Court, but to be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Paradise does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

Petitioner Billy Paradise is currently a pretrial detainee in the W.C. "Dub" Brassell Adult Detention Center in Pine Bluff, Arkansas (Detention Center). (Doc. No. 1 at 4, 7) He filed this petition for writ of habeas corpus without the help of a lawyer. Mr. Paradise

1

does not refer to a federal habeas statute in his petition,[1] but the Clerk has categorized the petition as one brought under 28 U.S.C. § 2254.

In his petition, Mr. Paradise claims that his pretrial detention constitutes "pretrial punishment" in violation of his "due process rights, under the Fifth Amendment" because of the threat of infection from COVID-19. (Doc. No. 1 at 2)

### III.  Discussion:

There are several problems with Mr. Paradise's petition. The first is that Mr. Paradise names the State of Arkansas, Jefferson County, and Pulaski County as respondents. The proper Respondent is the state officer who has custody of the petitioner. See Rule 2, Rules Governing § 2254 Cases in United States District Courts.[2]  In this case, Jefferson County Sheriff Lafayette Woods Jr. is Mr. Paradise's current custodian.

The Clerk filed Mr. Paradise's petition under 28 U.S.C. § 2254, but according to the petition, Mr. Paradise is not "in custody pursuant to the judgment of a State court," and this Court, therefore, lacks jurisdiction. See 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (habeas corpus "is an attack by a person *in custody* upon the legality of *that* custody, and . . . the traditional function of the writ is to secure release from illegal custody").

---

[1] Mr. Paradise refers to federal statutes pertaining to detention of individuals arrested or convicted on federal charges. (Doc. No. 1 at 4 (referencing 18 U.S.C. §§ 3143(a)(1), 3142(i)(4), 3145(B))

[2] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.

Because Mr. Paradise is a pre-trial detainee, the Court will consider his petition under 28 U.S.C. § 2241. See *McKee v. Kelley*, Case No. 4:19-CV-75-KGB-JJV, 2019 WL 3824186 at 2 (applying 28 U.S.C. § 2241 to habeas petition brought by a pre-trial detainee claiming, among other things, excessive bond in violation of the Eighth and Fourteenth Amendments to the United States Constitution) (citing *Howell v. Childrey*, 2019 WL 1207867 at 1 (E.D. Mo. March 14, 2019) (citing *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007; *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (other citations omitted)).

Before bringing a petition under 28 U.S.C. § 2241, the petitioner must have exhausted his available state remedies. *Id.* (citing *Dickerson*, 816 F.2d at 225 ("Although . . . 28 U.S.C. § 2241[does not] include[ ] a statutory exhaustion requirement comparable to that found in 28 U.S.C. § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require exhaustion of all available state remedies.") adopted by *Raymond v. Shue*, 2018 WL 4924024 (W.D. Ark. Oct. 10, 2018)).

Mr. Paradise has not provided evidence that he has exhausted his state court remedies. The Court has reviewed the docket in the pending state criminal cases that Mr. Paradise references in his petition and does not see evidence that he has availed himself of state court review of his bail-related complaints. See *Trujillo v. State*, 2016 Ark. 49, 2 ("The remedy of the writ of certiorari is appropriate to review bail-bond proceedings.") (citations omitted).

As to Mr. Paradise's complaint that Detention Center officials are allowing COVID-19 to spread by allowing employees to enter the jail without masks or testing, he

must bring that claim in a separate action challenging the conditions of his confinement under 42 U.S.C. § 1983.

## IV.   Conclusion:

Mr. Paradise has not established that he is in custody pursuant to the judgment of a state court or that he has exhausted his state-court remedies, as required for a claim under 28 U.S.C. § 2241. Therefore, this Court lacks jurisdiction over his claims. Accordingly, the Court recommends that Billy Paradise's petition for writ of habeas corpus (#1) be DISMISSED, without prejudice, under Rule 4 of the Rules Governing Section 2254 Cases and that his motion for leave to proceed *in forma pauperis* (Doc. No. 2) and his motion for compassionate release (Doc. No. 3) be dismissed as moot.

DATED this 29th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE